## Case No. 9,255.

### MASON v. WALLACE.

[3 McLean, 148.] [1]

Circuit Court, D. Indiana. May Term, 1843.

VENDOR AND PURCHASER — IMPROVEMENTS—SANC-
TION—SPECIFIC PERFORMANCE—DELAY IN PAY-
MENT—WHEN TIME ESSENTIAL.

1. Where possession has been taken of prop-
erty purchased, and valuable improvements
made, the acquiescence of the vendor may be
presumed.

[Cited in Story v. Black, 5 Mont. 26, 1 Pac. 1.]

2. A delay of payment for two years, under
such circumstances, where the vendor sustains
no damage which interest will not compensate,
will not bar a bill for a specific execution of
the contract.

[Cited in Ewins v. Gordon, 49 N. H. 461.]

3. Where time is made an essential part of the
contract, the rule is different.

In equity.

Mr. Stevens, for plaintiff.
O. H. Smith, for defendant.

OPINION OF THE COURT. This is a bill
for the specific execution of a contract. On
the 1st of January, 1835, Mason purchased
from the defendant, Wallace, lots 112 and
113, in Jeffersonville, in this state, for six
hundred dollars, payable in three annual
payments, of two hundred dollars each. Wal-
lace executed a title bond for a deed when
the purchase money should be paid. Shortly
after the purchase, Mason took possession,
and has remained in possession. He has
made large and valuable improvements up-
on the lots, and in the streets, &c., amount-
ing to a sum exceeding 4,000 dollars. On the
1st of September, 1838, Mason tendered to
Wallace 732 dollars, the amount due, includ-
ing interest, on the contract of purchase,
which Wallace refused, and declined making
a deed. This refusal was founded on the
negligence of Mason, in not paying the pur-
chase money; and a specific execution of the
contract is resisted on the same ground.
Time may be made a material part of the
contract, and, when that is done, chancery
will not decree a specific execution in favor
of a party who has failed to perform his part
of the agreement. But in most cases time
is not essential, and a mere delay of pay-
ment, unless it has been unreasonable, will
be no bar to a specific execution of the con-
tract. Where the default is connected with
a material change in the circumstances of
the parties, or in the value of the property,
chancery will not decree a performance.

In the present case, the purchaser has not
only been in possession of the premises since
the purchase, but he has expended, in im-
proving the property, more than seven times
the amount of the purchase money. The de-

fendant alleges that this was done by com-
plainant in his own wrong, and without au-
thority. But, from the possession of the
complainant, and the progress of his im-
provements, the defendant must have had
full notice, and, as it does not appear that he
took any step to arrest the progress of the
complainant, the acquiescence of the defend-
ant may be fairly presumed. The delay was
less than two years of the first payment, and
less than one of the second. The doctrine
which governs this case is found in Long-
worth v. Taylor [Case No. 8,490]; s. c. 14
Pet. [39 U. S.] 174; and in Piatt v. Oliver
[Case No. 11,115].

We think, taking all the facts and circum-
stances into consideration, the plaintiff is en-
titled to the relief prayed for in his bill, on
his paying the purchase money, and interest
up to this decree. There was an informal-
ity in the tender, and this, connected with
the general features of the case, induces the
court to require the payment of the interest,
as stated. Decree, &c.